# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-988V
**(not to be published)**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SARA TORRES-RUIZ, | |
| | Chief Special Master Corcoran |
| Petitioner, | Filed: November 13, 2019 |
| v. | |
| | Attorney's Fees; Successful Petitioner |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Lara A. Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 21, 2017, Sara Torres-Ruiz filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of the influenza vaccine she received on November 6, 2014. *Id.* at 1. In March 2018, the parties began engaging in settlement negotiations. *See* Mot. to Suspend Deadline at 1, filed Mar. 13, 2018 (ECF No. 12). The parties filed a stipulation for award on March 14, 2019, which I adopted as my Decision awarding damages on the next day. (ECF No. 27).

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from the public Decision.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioner has now filed a motion requesting an award of final attorney's fees and costs. *See* Motion dated September 11, 2019 (ECF No. 32) ("Fees App."). Petitioner requests a total award of $40,794.98 (representing $31,743.00 in fees, plus $9,051.98 in costs to Anapol Weiss). Fees App. at 3. Respondent reacted to the motion on September 16, 2019, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. Response, ECF No. 33, at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final attorney's fees and costs in the amount of **$40,254.98**.[3]

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate *amount* of that award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[4] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

---

[3] This amount includes costs incurred personally by Petitioner.

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following rates of compensation for her attorneys and other legal professionals:

|  | **2015** | **2016** | **2017** | **2018** | **2019** |
|---|---|---|---|---|---|
| **Lawrence R. Cohan (Attorney)** | $400.00 per hour | $400.00 per hour | $420.00 per hour | $440.00 per hour | $450.00 per hour |
| **David J. Carney (Attorney)** | -- | $275.00–$290.00 per hour | $290.00 per hour | $315.00 per hour | -- |
| **Paralegals** | $135.00 per hour | $135.00 per hour | $135.00 per hour | $135.00 per hour | $145.00 per hour |

Fees App. at 2–3.

I have previously considered the rates of the same attorneys and legal professionals representing Petitioner in this case and found them mostly reasonable. *See Marquis v. Sec'y of Health & Human Servs.*, No 15-659V, 2017 WL 2461372, at *1–2 (Fed. Cl. Spec. Mstr. Apr. 25, 2017) (reducing rate of Mr. Carney for work done during 2014–2017 from $290 per hour to $275 per hour); *Barton v. Sec'y of Health & Human Servs.*, No. 16-508V, 2017 WL 6334787, at *1–2 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (finding paralegal hourly rate of $135 for work performed in 2016 reasonable, finding Mr. Carney's hourly rate of $290 for work performed in 2017 reasonable, and reducing Mr. Carney's hourly rate to $275 for work performed in 2016). Moreover, the requested rates are consistent with what other special masters have recently awarded. *See, e.g.*, *Charneco v. Sec'y of Health & Human Servs.*, No. 17-458V, 2019 WL 3753290, at *2–3 (Fed. Cl. Spec. Mstr. July 18, 2019) (finding similar hourly rates of Mr. Carney ($275–$315), Mr. Cohan ($400–$450), and paralegals ($135) "consistent with what they have previously been awarded"); *Shorkey v. Sec'y of Health & Human Servs.*, No. 15-768V, 2017 WL 2119118, at *1 (Fed. Cl. Spec. Mstr. Apr. 21, 2017) (finding the hourly rates of Mr. Carney ($290), Mr. Cohan ($400), and a paralegal ($125) reasonable).[5]

---

[5] Furthermore, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.

The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

3

One rate requested does merit adjustment. Petitioner requests that Mr. Carney receive an hourly rate of $290.00 for work performed in October 2016. I have, however, previously reduced Mr. Carney's hourly rate "to $275.00 for work performed in 2016." *See Barton*, 2017 WL 6334787, at *1. Accordingly, I will also in this matter reduce Mr. Carney's hourly rate to $275.00 for work performed in 2016. This results in a total reduction of $1.50. Aside from this reduction, I find that Petitioner's requested rates are reasonable, consistent with my decisions, decisions of other special masters, and within the range of the Office of Special Masters' fee schedule, and I award them in full.

The next matter to address is the reasonableness of the hours expended on this case. Minor issues necessitate a small reduction in the total amount of fees awarded. It is well-settled that billing for administrative and/or clerical work is not permitted in the Vaccine Program. *See Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2770820, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018); *Rochester v. United States*, 18 Cl. Ct. 379, 387 (Cl. Ct. 1989). For example, I have previously reduced the amount billed when paralegals spend time on administrative tasks like "receiving and preparing records to be reviewed by an attorney or law clerk [], duplicative review of filings by two attorneys," and vague entries in the billing record. *Bacon v. Sec'y of Health & Human Servs.*, No. 17-271V, 2019 WL 3753276, at *2 (Fed. Cl. Spec. Mstr. July 16, 2019). Here, Petitioner's counsel's paralegal repeatedly bills for time receiving and saving documents. *E.g.*, Fees App., Ex. A, entries 124, 126, 128. These billing entries are frequently for 0.1 or 0.2 hours. *Id.* Reviewing the billing statement reveals twenty-two entries, totaling four hours at an $135.00 hourly rate, which bill for the receipt and saving of documents or records. *See generally* Fees App. Accordingly, I will reduce the Petitioner's hours billed by four hours, resulting in a reduction of $540.00. This results in total attorney's fees of **$31,201.50**.

Finally, I will turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United*

---

The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

*States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the costs. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $9,051.98 in overall costs. Fees App at 3. This amount is comprised of obtaining medical records, postage charges, expert costs and the Court's filing fee, all of which were incurred by counsel's firm. Fees App. at 3; *see generally* Fees App, Ex. C. About half of these costs are related to Petitioner's expert—Hurley Consulting. Fees App. at 46. Besides a $750.00 retainer, Hurley Consulting billed at an hourly rate of $125.00.  Hurley Consulting has been employed by Petitioner's counsel in other cases. *See, e.g., Snyder v. Sec'y of Health & Human Servs.*, No. 17-0028V, 2018 WL 4177522, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2018) (finding costs of Hurley Consulting reasonable in another case where a petitioner alleged an influenza vaccine caused her GBS). Upon review I find costs associated with Hurley Consulting reasonable considering the needs of the case. Furthermore, I have reviewed all other requested costs and find them reasonable. Petitioner is therefore entitled to final attorney's costs of **$9,051.98**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs to prevailing petitioners. 42 U.S.C. § 300aa-15(e). Accordingly, I award the following:

1) **$40,253.48, representing reimbursement for Petitioner's attorney's fees and costs, in the form of a check payable jointly to Petitioner and Anapol Weiss.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.